[Cite as *Moffitt v. Telb*, 2018-Ohio-1327.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Brian Moffitt

Court of Appeals No. L-17-1109

Appellant

Trial Court No. MS0201001143

v.

Lucas County Sheriff Telb
and State of Ohio

**DECISION AND JUDGMENT**

Appellees

Decided: April 6, 2018

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Bradley Fox, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from an April 4, 2017 judgment of the Lucas County Court

of Common Pleas, denying appellant's petition to be reclassified as a sexually oriented

offender rather than as a predator. Following a 2001 jury trial in appellant's former home

state of Kentucky, appellant was acquitted of rape and sodomy, and convicted of kidnapping.

{¶ 2} After serving the sentence imposed, appellant relocated to Ohio and obtained gainful employment. This appeal arises from the application of Ohio's sexual predator registration requirements to appellant's Kentucky conviction. For the reasons set forth below, this court reverses the judgment of the trial court.

{¶ 3} Appellant, Brian Moffitt, sets forth the following two assignments of error:

I. The trial court committed reversible error when it denied [a]ppellant's request to be reclassified as a sexually-oriented offender.

II. The trial court committed reversible error when it violated [a]ppellant's equal protection rights by holding that [a]ppellant, an out-of-state registrant, had the duty to prove by clear and convincing evidence that he was unlikely to re-offend.

{¶ 4} The following undisputed facts are relevant to this appeal. In 2001, appellant resided in the state of Kentucky. On July 14, 2001, appellant agreed to assist a friend set up a swimming pool at his friend's home. During that project, the men consumed significant amounts of alcohol.

{¶ 5} Later that night, an 11-year-old neighborhood girl, who had also been hanging out at the home that day, wanted to go along with appellant when he decided to go out for a drive in his motor vehicle. When they returned from the drive, appellant let her out some distance away as she had gone along with appellant without permission. In

2.

the interim, a gathering of the girl's family and neighbors had been frantically searching for her.

{¶ 6} Subsequent to the girl's return, it was discovered that she had been surreptitiously out riding around with appellant. Contrary to all evidence, the girl then alleged that appellant had raped and sodomized her.

{¶ 7} Following these events, appellant was charged by the state of Kentucky with rape, sodomy, and kidnapping. In 2002, the case proceeded to jury trial. Notably, an expert medical examination of the victim unequivocally established her to be a virgin, contrary to the allegations against appellant. Consistently, there was no DNA evidence, or any other form of objective evidence, reflecting that any sexual conduct occurred between the parties.

{¶ 8} At the conclusion of the jury trial, appellant was acquitted of the rape and sodomy charges. Appellant was convicted of the kidnapping offense pursuant to a Kentucky kidnapping statute which possesses no evidentiary sexual component.

{¶ 9} Pursuant to the statute under which appellant was convicted, one is culpable upon depriving parents of the custodial control of their minor. Ky.Rev.Stat.Ann. 509.040(1)(f). There are no sexual offense convictions in appellant's criminal history.

{¶ 10} On March 1, 2010, appellant completed the term of incarceration imposed in Kentucky and was released. Appellant subsequently relocated to Ohio where he obtained employment with a Toledo area roofing contractor.

3.

{¶ 11} Despite the specific facts and context of appellant's Kentucky conviction and acquittals, appellant has been classified in Ohio as a sexual predator for registration and reporting requirement purposes.

{¶ 12} On September 27, 2016, appellant filed a petition with the trial court to be reclassified as a sexually-oriented offender, rather than the more stringent sexual predator classification. Subsequent to the filing of this petition, appellant was referred for an expert evaluation by Dr. Charlene Cassel ("Cassel"), an established area clinical psychologist with background and experience relevant to this matter.

{¶ 13} On December 8, 2016, Cassel met with appellant and conducted an exhaustive examination and assessment. Cassel's written report noted that appellant's Kentucky registration requirement was triggered by the Kentucky conviction being defined as a "criminal offense against the victim who was a minor," rather than on any sort of sexual conduct or conviction basis.

{¶ 14} Significantly, the expert report definitively concluded, "[T]here appears to be clear evidence that [appellant] has a relatively low risk for committing another sexually oriented offense." The report emphasized that although appellant was initially charged with two sexually oriented offenses, rape and sodomy, "[A] jury trial found him not guilty."

{¶ 15} Despite the above-described facts and context, appellee asserted in opposition to appellant's petition to be reclassified that appellant's underlying Kentucky kidnapping conviction should be construed as substantially equivalent to an Ohio

4.

sexually-oriented offense, the petition should be denied, and appellant should be deemed a sexual predator, rather than the lesser classification sought by appellant, for purposes of Ohio laws.

{¶ 16} On April 4, 2017, without conducting an evidentiary hearing, the trial court held that, "[Appellant] has not met his burdens of showing, by clear and convincing evidence, that he did not commit a sexually-oriented offense and that he is not likely to commit such an offense in the future." The petition was denied. This appeal ensued.

{¶ 17} In the first assignment of error, appellant maintains that given appellant's acquittals of the rape and sodomy offenses and the lack of any evidence of sexual conduct between appellant and the victim, the trial court erred in denying appellant's petition to be reclassified as a sexually-oriented offender, rather than as a sexual predator. We concur.

{¶ 18} The parties concur that the applicable Ohio statute, which was in effect at the time of appellant's out-of-state conviction, is former R.C. 2950.09, which is commonly referred to as Megan's Law.

{¶ 19} Pursuant to former R.C. 2950.09(F)(2), an Ohio trial court may find that an offender moving in from out-of-state is not a sexual predator for Ohio registration purposes if the party, "[P]roves by clear and convincing evidence that the requirement of the other jurisdiction * * * is not substantially similar to a classification as a child-victim predator for purposes of this chapter."

5.

**{¶ 20}** The Kentucky kidnapping statute under which appellant was convicted does not implicate or reflect sexual intent or sexual conduct. On the contrary, it requires proof of a "[C]riminal offense against a victim who is a minor." Ky.Rev.Stat.Ann. 509.040. These convictions statutorily trigger an automatic lifetime registration requirement in Kentucky. Ky.Rev.Stat.Ann. 17.520(2)(a)(1).

**{¶ 21}** Conversely, the record reflects that in order to be classified as a child-victim sexual predator pursuant to the Megan's Law statutory provisions, an Ohio court must consider an array of factors not present or applicable to the Kentucky law such as the use of alcohol or drugs to impair the minor, the offender's age, the victim's age, any patterns of abuse or cruelty, and the offender's prior criminal history.

**{¶ 22}** Ohio courts utilized these factors in determining whether to impose a more stringent sexual predator classification, or alternatively, one of the lesser classifications with less stringent requirements. Former R.C. 2950.09(B)(3).

**{¶ 23}** Illuminating the above-described discrepancies, in Kentucky appellant was statutorily deemed a "registrant," with no connotation or implication of sexual conduct or a sexual conviction, whereas appellant's subsequent Ohio judicially-driven classification as a "predator," indicates sexual conduct and a sexually-based conviction.

**{¶ 24}** Based upon the foregoing, and the entire record of evidence, we find that the record reflects by clear and convincing evidence that the comparative statutory provisions in Kentucky and Ohio were not substantially similar so as to warrant the

6.

imposition of a sexual predator classification upon appellant in Ohio for his prior Kentucky conviction.

{¶ 25} The record reflects that appellant was acquitted of both sexually-based offenses in the Kentucky jury trial, the record reflects no evidence of sexual conduct between appellant and the victim, and the record reflects multiple material differences between the Kentucky and Ohio statutes.

{¶ 26} As such, we find that the disputed April 3, 2017 trial court denial of appellant's September 27, 2016 petition for reclassification was against the manifest weight of the evidence. Accordingly, we find appellant's first assignment of error well-taken.

{¶ 27} In appellant's second assignment of error, appellant maintains that the trial court erred in imposing an evidentiary duty upon appellant regarding the likelihood of reoffending.

{¶ 28} Given our determination in response to appellant's first assignment of error, finding that the trial court erred in denying the underlying petition for reclassification, we find that appellant's second assignment of error is moot.

{¶ 29} Wherefore, the April 3, 2017 judgment of the Lucas County Court of Common Pleas, denying appellant's September 27, 2016 petition for reclassification, is hereby reversed.

7.

{¶ 30} Lastly, pursuant to App.R. 12(B), this court grants appellant's September 27, 2016 petition for reclassification and remands this appeal to the trial court to render such judgment. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

                                                            Judgment reversed.


        A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.




Arlene Singer, J.                            _____
                                                            JUDGE
Thomas J. Osowik, J.

Christine E. Mayle, P.J.                     _____
CONCUR.                                                     JUDGE

                                            _____
                                                            JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

8.